UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LORETTA RANDOLPH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil Action No. 1:24-cv-00494 (UNA) |
| ROOSEVELT RANDOLPH, JR., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff has filed a *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application, and for the reasons explained below, it dismisses the complaint without prejudice.

Plaintiff, a resident of the District of Columbia, sues her ex-husband, a resident of Virginia. *See* Compl. at 1. The complaint is not a model of clarity. The crux of plaintiff's claims appears to be two-fold. First, she purports to sue defendant on behalf of her daughter, "E.R.," alleging that defendant abused E.R. when she was a minor, among others. *See id*. at 1–3, 6–7. Second, plaintiff alleges that defendant owes her arrears for many years of unpaid child support, in contravention of an order entered by the Superior Court for the District of Columbia. *See id.* at 3; Compl. Exhibits, ECF No. 1-1, at 1–3 (Superior Ct. Jgmt. dated Jan. 11, 2007) ("SCJ").

From there, the allegations become more digressive and difficult to follow, focusing on a range of topics loosely related to plaintiff's alleged criminal and family history, which plaintiff contends coalesce into a long-term "bad and evil" conspiracy against "plaintiff and her children." *See* Compl. at 2–3, 6–7. For relief, plaintiff demands that this court "seize the assets of Ruverta Randolph and Dana Randolph Ryder," neither of whom are named as defendants in this case,

because Randolph and Ryder allegedly "defraud[ed] the plaintiff's daughter and did not give her any of the monies that defendant wanted her to have[.]" *See id.* at 6.  Plaintiff also asks the court to award her $1 million in damages, which she contends "is an ample amount for plaintiff's daughter and her troubled existence[.]"  *See id.*  Plaintiff faces hurdles here that she cannot overcome.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.  Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).

Second, plaintiff has failed to establish standing to bring any claim on her daughter's behalf. "[A] defect of standing is a defect in subject matter jurisdiction."  *Haase v. Sessions*, 835

F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party and a plaintiff generally must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties. *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016).

To that same end, as a general rule, a *pro se* litigant can represent only herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). While a custodial parent or legal guardian may, under specific circumstances, sue on behalf of their child as next friend, plaintiff's daughter appears to be an adult, *see* SCJ at 2, and there is no indication that E.R. is legally unable to file this suit on her own behalf, nor has plaintiff otherwise established that she has the formal legal authority to file on behalf of E.R., or that E.R. has consented to such representation. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *King v. District of Columbia*, 878 F. Supp. 2d 8, 12 (D.D.C. 2012) (citation omitted).

Finally, plaintiff cannot enforce defendant's child support obligations in this court, because such a claim must be raised in the relevant local court where the proceedings were initiated, *see Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v.*

*Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody and support issues uniquely suited to resolution in local courts), i.e., in D.C. Superior Court, *see* SCJ.

      For all of the foregoing reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 25, 2024

                                      *Tanya S. Chutkan*
                                  TANYA S. CHUTKAN
                                  United States District Judge